BROWN WHITE & OSBORN LLP
KENNETH P. WHITE (Bar No. 173993)
kwhite@brownwhitelaw.com
ARASH SADAT (Bar No. 279282)
asadat@brownwhitelaw.com
EVELINA GENTRY (Bar No. 296796)
egentry@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213.613.0500
Facsimile:  213.613.0550

Attorneys for Relator
Alex Timple

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ALEX TIMPLE,<br><br>STATE OF CALIFORNIA *ex rel.* ALEX TIMPLE,<br><br>       Plaintiffs,<br><br>   v.<br><br>EXCEL CARE HOME HEALTH SERVICES, INC., a California corporation, INSIGHT HEALTH CARE PROVIDERS, INC., a California corporation, LEMAR HOME HEALTH SERVICES, INC., a California corporation, RIGHTCARE HOME HEALTH SERVICES, INC., a California corporation, SERENITY HEALTH CARE, INC., a California corporation, UNIK HOME HEALTH CARE SERVICES, INC., a California corporation, and DOES 1 through 20, inclusive,<br><br>       Defendants. | No.: 2:14-cv-03613-DDP (PLAx)<br><br>**RELATOR ALEX TIMPLE'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION**<br><br>Fact Discovery Cut-Off: April 28, 2017<br>Motion Filing Cut-Off: Aug. 2, 2017<br>Pre-Trial Conference: Oct. 16, 2017<br>Trial: Oct. 31, 2017 |

1    Relator Alex Timple ("Relator") submits this response to the Court's May 31,

2    2017 Order to Show Cause Re Dismissal for Lack of Prosecution ("OSC").  ECF

3    No. 117.  For the reasons stated below, Relator respectfully requests that the Court

4    refrain from dismissing this action for lack of prosecution.

5    1.    On May 5, 2014, Relator brought this *qui tam* action on behalf of the

6    United States of America ("Government") under 42 U.S.C. § 1320a-7b ("Medicare

7    Anti-Kickback Statute") and 31 U.S.C. §§ 3729-3732 ("False Claims Act") against the

8    following Medicare-certified home health agencies:

9         a.  Excel Care Home Health Services, Inc. ("Excel");

10        b.  Insight Health Care Providers, Inc. ("Insight");

11        c.  Lemar Home Health Care Services, Inc. ("Lemar");

12        d.  Rightcare Home Health Services, Inc. ("Rightcare");

13        e.  Serenity Health Care, Inc. ("Serenity"); and

14        f.  Unik Home Health Care Services, Inc. ("Unik," and, collectively with

15            Excel, Insight, Lemar, Rightcare, and Serenity, "Defendants").  ECF

16            No. 1.

17   2.    On June 10, 2015, the Government declined to intervene in this action.

18   ECF No. 15.   Thereafter, the Court unsealed the Complaint (ECF No. 17) and Relator

19   served all Defendants with the Complaint and summons (ECF Nos. 28-32, 35).

20   3.    Defendants Insight and Unik failed to file responsive pleadings and the

21   clerk entered default against them.  ECF Nos. 43, 53.  Relator then propounded written

22   discovery on the remaining (non-defaulting) Defendants.

23   4.    On December 28, 2016, Relator filed a Motion for Default Judgment and

24   Monetary Sanctions against Lemar for Failure to Obey a Court Order Compelling

25   Discovery ("Motion for Default Judgment").  ECF No. 75.  The Court granted in part

26   and denied in part Relator's Motion for Default Judgment.  ECF No. 99.  The Court

27   struck Lemar's Answer and instructed the clerk to enter default against Lemar, but

28   declined to enter default judgment against Lemar.  *Id.*  At the hearing, the Court

BROWN WHITE & OSBORN
A T T O R N E Y S

1   observed that partial default judgments (*i.e.*, default judgments against one, but not all

2   defendants) are disfavored.  The Court's order on Relator's Motion for Default

3   Judgment provided that "[u]pon Clerk's entry of a default, Plaintiff may move for a

4   partial default judgment in accordance with normal procedures."  *Id.*  The clerk entered

5   default against Lemar that same day.  ECF No. 98.

6         5.     The Court heard, concurrently with Relator's Motion for Default

7   Judgment, a Motion to Withdraw as Counsel ("Motion to Withdraw"), filed by counsel

8   for Serenity.  ECF No. 77.  The Court granted the Motion to Withdraw and ordered

9   Serenity to obtain new counsel within 14 days.  ECF No. 99.  The Court's order stated

10   that failure to do so would result in the Court striking Serenity's answer.  *Id.*  Serenity

11   failed to retain new counsel and the Court struck Serenity's answer on April 10, 2017.

12   ECF No. 113.  Approximately a month later, on May 12, 2017, the clerk entered default

13   against Serenity.  ECF No. 116.  Since that time, Relator and the remaining

14   defendants—Excel and Rightcare—have been actively engaged in discovery.

15         6.     Good cause exists to delay entry of partial default judgment.  Fed. R. Civ.

16   P. 54(b).  Due to the procedural posture of the action, and because the claims against

17   each Defendant are factually analogous, a motion for partial default judgment as to

18   Serenity (or any of the other defaulting defendants) would place Relator at a strategic

19   disadvantage.  Specifically, a motion for partial default judgment would require Relator

20   to disclose to the remaining defendants (Excel and Rightcare) his order of proof, both

21   with respect to liability and damages.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72

22   (9th Cir. 1986) (setting forth factors considered by courts in deciding motions for

23   default judgment).  Such disclosure would unfairly allow the remaining defendants a

24   "free look" at Relator's case-in-chief.  Moreover, allowing Relator to move for default

25   judgment upon resolution of the claims asserted against the remaining defendants would

26   promote judicial efficiency by allowing the court to enter a single judgment, with a

27   single appeal deadline for all parties.  *See* Fed. R. App. P. 4(a)(1)(B).

28

7.      In the light of the foregoing, Relator respectfully requests that the Court refrain from dismissing this action for lack of prosecution, and respectfully requests that the Court allow Relator to move for default judgments against the defaulting defendants after resolution of the claims asserted against Excel and Rightcare.  In the event the Court is not inclined to grant this relief, Relator respectfully requests that he be allowed to file any motions for default judgment on or before August 2, 2017, the current deadline to file motions in this action.  ECF No. 91.

DATED:  June 22, 2017                     Respectfully submitted,

                                          BROWN WHITE & OSBORN LLP

                                          By _____
                                                       /s/Evelina Gentry
                                                  KENNETH P. WHITE
                                                   ARASH SADAT
                                                 EVELINA GENTRY
                                                 Attorneys for Relator
                                                  ALEX TIMPLE

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES
*United States of America, et al. v. Excel Care Home Health Services, Inc., et al.*
CV 14-03613-DDP-PLAx

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 333 South Hope Street, 40th Floor, Los Angeles, California 90071.

On June 23, 2017, I served the following document(s) described as: **RELATOR ALEX TIMPLE'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION** in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY MAIL:** I deposited such envelope in the mail at 333 South Hope Street, 40th Floor, Los Angeles, California 90071. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☐ **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 213/613-0550. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list.

☐ **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ **BY ELECTRONIC MAIL:** On the above-mentioned date, from Los Angeles, California, I caused each such document to be transmitted electronically to the party(ies) at the e-mail address(es) indicated below. To the best of my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on June 23, 2017, at Los Angeles, California.

S. Khadavi
_____
Sharlene Khadavi

RELATOR ALEX TIMPLE'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION

## SERVICE LIST

*United States of America, et al. v. Excel Care Home Health Services, Inc., et al.*

**CV 14-03613-DDP-PLAx**

SERENITY HEALTH CARE, INC.
HELEN MARTIN
1139 S GRAND AVE
GLENDORA, CA 91740

LEMAR HOME HEALTH SERVICES, INC.
LUIS TUNGOL
449 WEST ALLEN AVENUE SUITE 111
SAN DIMAS, CA 91773

UNIK HOME HEALTH CARE SERVICES, INC.
TIGRAN OGANESYAN
14114 VICTORY BLVD., SUITE 202
SHERMAN OAKS, CA 91401

INSIGHT HEALTH CARE PROVIDERS, INC.
RODERICK AQUINO
500 S KRAEMER BLVD STE #240
BREA, CA 92821

RELATOR ALEX TIMPLE'S RESPONSE TO ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION